IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  12-cv-03113-MSK-BNB

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. $13,711.26 SEIZED FROM ACCOUNT # 5010-0113-1794;
2. $752,293.61 SEIZED FROM ACCOUNT # 1-0868271-0;
3. $762,464.08 SEIZED FROM ACCOUNT # 1448-4245;
4. $309,319.68 SEIZED FROM ACCOUNT # 1457-0369;
5. $85,000.00 SEIZED FROM ACCOUNT # 3243145871;
6. $207,443.00 SEIZED FROM ACCOUNT # 882671951;
7. $467,997.43 SEIZED FROM ACCOUNT # 50122944;
8. $32,897.15 SEIZED FROM ACCOUNT # 50053222;
9. $377,859.88 SEIZED FROM ACCOUNT # 50124007;
10. $745,131.77 SEIZED FROM ACCOUNT # 50053552;
11. $1,399,510.89 SEIZED FROM ACCOUNT # 50053784;
12. $88,537.75 SEIZED FROM ACCOUNT # 57397374;
13. $533,087.75 SEIZED FROM ACCOUNT # 69990257;
14. $901,743.23 SEIZED FROM ACCOUNT # 18395921;
15. $155,236.55 SEIZED FROM ACCOUNT # 69990281;
16. $118,996.27 SEIZED FROM ACCOUNT # 69990299;
17. $150,903.00 SEIZED FROM ACCOUNT # 50053438;
18. $122,396.10 SEIZED FROM ACCOUNT # 50059856;
19. $130,764.40 SEIZED FROM ACCOUNT # 50059872;
20. $92,531.91 SEIZED FROM ACCOUNT # 18395913;
21. $229,763.57 SEIZED FROM ACCOUNT # A02-0084792;
22. $6,252.64 SEIZED FROM ACCOUNT # 50052539;
23. $61,956.06 SEIZED FROM ACCOUNT # 50053792;
24. $6,538.93 SEIZED FROM ACCOUNT # 50059617;
25. $896.30 SEIZED FROM ACCOUNT # 50053578;
26. ALL FUNDS FROZEN IN ACCOUNT # 01-122-00086-0;
27. ALL FUNDS FROZEN IN ACCOUNT # 01-122-00128-4;
28. ALL FUNDS FROZEN IN ACCOUNT # 01-122-00095-9;
29. ALL FUNDS FROZEN IN ACCOUNT # 01-506-01088-5;
30. ALL FUNDS FROZEN IN ACCOUNT # 01-506-00863-5; and
31. $472,462.28 IN UNITED STATES CURRENCY,

Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before me are the following:

(1)  United States' **Motion for Final Order of Forfeiture for Defendant Bank Accounts Located in the United States** [Doc. # 13] (the "Motion for Order: United States"); and

(2)  United States' **Motion for Final Order of Forfeiture for Defendant Bank Accounts Located in Panama** [Doc. # 15] (the "Motion for Order: Panama").

The United States seeks a final order of forfeiture in connection with assets seized in 25 bank accounts located in the United States and five bank accounts located in the Republic of Panama (the "Assets").[1] Pursuant to 18 U.S.C. § 981(a)(1), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation" of specified crimes, including money laundering (18 U.S.C. § 1956(a)), "is subject to forfeiture to the United States. . . ."

## FINDINGS AND CONCLUSIONS

1.  This action was commenced by the filing of a Verified Complaint for Forfeiture *In Rem* [Doc. # 1] (the "Verified Complaint"). Jurisdiction exists under 28 U.S.C. §§ 1345 (United States as plaintiff) and 1355 (Fine, penalty or forfeiture).

2.  The allegations of the Verified Complaint establish that the Assets were involved in a money laundering transaction or attempted transactions in violation of 18 U.S.C. § 1956(a)(1) or constitute property traceable to such transactions or attempted transactions.

---

[1] The United States does not address the $472,462.28 in United States currency named as defendant 31.

2

3.      Rule G(4)(a)(i), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, provides that "[a] judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint. . . ."  Rule G(4)(a)(ii) requires that the notice "describe the property with reasonable particularity"; "state the time under Rule G(5) to file a claim and to answer"; and "name the government attorney to be served with the claim and answer."  And Rule G(4)(a)(iv)(C) provides that the requirements for publication are satisfied by "posting a notice on an official internet government forfeiture site for at least 30 consecutive days."  The United States satisfied the publication requirements of Rule G(4)(a) by posting notice of the action in the form of Doc. # 12-1on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days beginning on December 19, 2012.  Notice of Publication [Doc. # 12].

4.      Rule G(4)(b), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, requires that direct notice of the action be provided to all known potential claimants, as follows:

> **(i) Direct Notice Required.**  The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B).
>
> **(ii) Content of the Notice.**  The notice must state:
>    **(A)** the date when the notice is sent;
>    **(B)** a deadline for filing a claim, at least 35 days after the notice is sent;
>    **(C)** that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and
>    **(D)** the name of the government attorney to be serve with the claim and answer.

       **(iii) Sending Notice.**
         **(A)** The notice must be sent by means reasonable calculated to reach the potential claimant.

5.    The potential claimants of the Assets reasonably known to the United States are:

(a)  Account # 5010-0113-1794: Universal Investment Holding LLC;

(b)  Account # 1-0868271-0: Universal Investment Holding LLC;

(c)  Account # 1448-4245: Copperwood Foundation;

(d)  Account # 1457-0369: Legent Clearing LLC;

(e)  Account # 3243145871: Law Offices of James Burns;

(f)  Account # 882671951: Keystone Investment Group LLC;

(g)  Account # 50122944: Carlton Rowe Inc.;

(h)  Account # 50053222: Carlton Rowe Inc.;

(i)  Account # 50124007: Cordillera Capital Inc.;

(j)  Account # 50053552: XAX International Group Inc.;

(k)  Account # 50053784: Independent Investors Group Inc.;

(l)  Account # 57397374: Benchmark Capital LLC;

(m)  Account # 69990257: Benchmark Capital LLC;

(n)  Account # 18395921: Hyperlink Media LLC;

(o)  Account # 69990281: Tower Capital LLC;

(p)  Account # 69990299: Legend Capital LLC;

(q)  Account # 50053438: Golden Jubilee Ventures Inc.;

(r)  Account # 50059856: Cordillera Capital Inc.;

(s)  Account # 50059872: 369 Inc.;

    (t) Account # 18395913: Pan American Capital Group Inc.;

    (u) Account # A02-0084792: Hyperlink Media LLC;

    (v) Account # 50052539: Synergy Property Group Inc.;

    (w) Account # 50053792: Last Chance Productions Inc.;

    (x) Account # 50059617: Panama Capital Partners SA;

    (y) Account # 50053578: Graysia Partners Inc.;

    (z) Account # 01-122-00086-0: Copperwood Foundation;

    (aa) Account # 01-122-00128-4: United National SA;

    (bb) Account # 01-122-00095-9: Bluefin Financial Group Inc.;

    (cc) Account # 01-506-01088-5: Bluefin Financial Group Inc.; and

    (dd) Account # 01-506-00863-5: Bluefin Financial Group Inc.

The United States also gave direct notice of the action to:

    (ee) Joseph Saranello;

    (ff) Chad Peter Smanjak;

    (gg) David Levy; and

    (hh) Andrew Baum.

  The United States satisfied the direct notice requirement of Rule G(4)(b) with respect to the claimants located in the United States by first class United States mail and by certified mail return receipt requested. Certificates of Service [Doc. ## 8, 10, and 11]. The United States satisfied the direct notice requirement of Rule G(4)(b) with respect to the claimants located in the Republic of Panama by personal service pursuant to a Mutual Legal Assistance Treaty request with Panama. Motion for Order: Panama [Doc. # 15] at ¶8; Affidavits of Providing

Notice [Doc. # 15-1] at 5 of 11 (Copperwood Foundation); 6 of 11 (United National, S.A.); and 8 of 11 (Bluefin Financial Group, Inc.).

      6.      Chad Smanjak consented to the forfeiture of all of the defendant bank accounts. Consent to Forfeiture [Doc. # 13-1].

      7.      No claim to any of the Assets has been filed, and the time for doing so has expired.

      8.      The United States is entitled to a final order of forfeiture under 18 U.S.C. § 981(a)(1)(A) with respect to the following Assets:

    (a) $13,711.26 SEIZED FROM ACCOUNT # 5010-0113-1794;

    (b) $752,293.61 SEIZED FROM ACCOUNT # 1-0868271-0;

    (c) $762,464.08 SEIZED FROM ACCOUNT # 1448-4245;

    (d) $309,319.68 SEIZED FROM ACCOUNT # 1457-0369;

    (e) $85,000.00 SEIZED FROM ACCOUNT # 3243145871;

    (f) $207,443.00 SEIZED FROM ACCOUNT # 882671951;

    (g) $467,997.43 SEIZED FROM ACCOUNT # 50122944;

    (h) $32,897.15 SEIZED FROM ACCOUNT # 50053222;

    (i) $377,859.88 SEIZED FROM ACCOUNT # 50124007;

    (j) $745,131.77 SEIZED FROM ACCOUNT # 50053552;

    (k) $1,399,510.89 SEIZED FROM ACCOUNT # 50053784;

    (l) $88,537.75 SEIZED FROM ACCOUNT # 57397374;

    (m) $533,087.75 SEIZED FROM ACCOUNT # 69990257;

    (n) $901,743.23 SEIZED FROM ACCOUNT # 18395921;

    (o) $155,236.55 SEIZED FROM ACCOUNT # 69990281;

    (p) $118,996.27 SEIZED FROM ACCOUNT # 69990299;

    (q) $150,903.00 SEIZED FROM ACCOUNT # 50053438;

    (r) $122,396.10 SEIZED FROM ACCOUNT # 50059856;

    (s) $130,764.40 SEIZED FROM ACCOUNT # 50059872;

    (t) $92,531.91 SEIZED FROM ACCOUNT # 18395913;

    (u) $229,763.57 SEIZED FROM ACCOUNT # A02-0084792;

    (v) $6,252.64 SEIZED FROM ACCOUNT # 50052539;

    (w) $61,956.06 SEIZED FROM ACCOUNT # 50053792;

    (x) $6,538.93 SEIZED FROM ACCOUNT # 50059617;

    (y) $896.30 SEIZED FROM ACCOUNT # 50053578;

    (z) ALL FUNDS FROZEN IN ACCOUNT # 01-122-00086-0;

    (aa) ALL FUNDS FROZEN IN ACCOUNT # 01-122-00128-4;

    (bb) ALL FUNDS FROZEN IN ACCOUNT # 01-122-00095-9;

    (cc) ALL FUNDS FROZEN IN ACCOUNT # 01-506-01088-5; and

    (dd) ALL FUNDS FROZEN IN ACCOUNT # 01-506-00863-5.

  9. The United States also seeks a Certificate of Reasonable Cause under 28 U.S.C. § 2465(a)(2), which provides:

> [I]f it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution, nor shall the claimant be entitled to costs. . . ."

The facts set out in the Verified Complaint establish reasonable cause for the seizure or arrest, and the United States is entitled to a certificate as provided in 28 U.S.C. §2465(a)(2).

## RECOMMENDATION

I respectfully RECOMMEND:[2]

(1)  The Motion for Order: United States [Doc. # 13] be GRANTED;

(2)  The Motion for Order: Panama [Doc. # 15] be GRANTED;

(3)  The court enter Final Orders of Forfeiture in substantially the form of Doc. ## 13-2 and 15-2.

Dated August 19, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).